

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CHRISTINE COSTELLO
WILLIAM MALLON
HEATHER SNOOK
JANICE ZELLERINO
KENNETH ABBOTT
*on their own behalf and on behalf*
*of all others similarly situated,*

**Plaintiffs,**

v.                                                    Civil No ___3:13CV268___

XCELERATED INVESTMENTS, INC.

**Defendant.**

## CLASS COMPLAINT

COME NOW Plaintiffs Christine Costello, William Mallon, Heather Snook, Janice Zellerino and Kenneth Abbott ("Plaintiffs"), *on their own behalf and on behalf of all others similarly situated,* by counsel, and for their Class Complaint, they state as follows:

### Introduction

1.    This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f) based upon Defendant's unlawful and deceptive conduct obtaining and using Plaintiffs' consumer reports from the nationwide consumer reporting agencies to find and target consumers for marketing purposes not permissible under the FCRA.

### Jurisdiction

2.    The claims within the lawsuit arise under that federal law and this case presents a federal question. Jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.* Venue

is proper in this District and Division because Christine Costello resides here and has previously litigated likely related FCRA cases in this Court. Further, the transactions and occurrences giving rise to this suit in relation to the Virginia plaintiffs occurred in this district and the Defendant's registered statutory agent is located in this District and Division.

### Parties

3.      Each of the Plaintiffs is a natural person and satisfies the definition of a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq ("FCRA") at §1681a(c).

4.      The Defendant to this lawsuit, Xcelerated Investments, Inc. ("Xcelerated") is a foreign corporation.

5.      Xcelerated describes itself as "[a] licensed consumer finance company with a primary focus in Automotive and Mortgage programs" and boasts that it is "a premier provider of data hygiene and data enhancement services" with "deep roots in both direct marketing and database management[.]" http://www.linkedin.com/company/xcelerated-investments-inc- last visited April 22, 2013.

6.      Defendant is a "user" of consumer reports as governed by Section 1681b of the FCRA.

### Facts

7.      Xcelerated does not originate or make consumer loans or extend credit to consumers.

8.      Xcelerated sells data and consumer lists for its customers to use in marketing debt consolidation and other similar services.

9.     Xcelerated describes its business and claims that:

> Unlike other companies, we don't just acquire data, we actually compile it. Our data intelligence behind our compiling is our biggest strength. Xcelerated takes pride in being a nationally recognized marketing list and technology leader in providing high quality marketing and information solutions. We enable you to produce effective direct mail campaigns with targeted lists. We are able to deliver quality data products using powerful and flexible technology that allows companies to fit our data into their delivery requirements. We offer complete, one-stop online list services as well as data hygiene solutions, and much more to satisfy all your direct marketing needs.

http://xcelerated.com/about.html last visited April 22, 2013.

10.    Xcelerated is not authorized to extend firm offers of credit or insurance on its own behalf in any state of this country.

12.    Despite its claim to be a sophisticated data compiler, in fact much of Xcelerated's data "service" really consists of obtained under false pretenses the very highly regulated and private credit reporting data maintained by the "Big 3" consumer reporting agencies and otherwise inaccessible solely for marketing services.

13.    In the course of Xcelerated's business, it accesses consumer reports from Equifax and possibly other consumer reporting agencies based upon pre-determined credit qualifications.

14.    In accessing those consumer reports, Xcelerated seeks to identify consumers who meet the characteristics of likely purchasers of goods and services offered by Xcelerated's clients.

15.    After receiving lists of those consumers, Xcelerated re-sells those lists to its clients.

16.    This request for and resale of these lists constitutes the use of consumer reports as contemplated by FCRA, 15 U.S.C. §1681b.

17.     Xcelerated accessed, obtained and used a consumer report concerning each

Plaintiff and each class member for purposes of marketing services of Xcelerated's clients.

18.     Xcelerated did not have a permissible purpose for the access and use of Plaintiffs'

consumer reports or the consumer reports of class members, as set forth in 15 U.S.C. 1681b(a).

19.     Upon information and belief, Plaintiffs allege that Xcelerated accessed the

consumer reports of Plaintiffs and class members under false pretenses.

20.     Xcelerated used the consumer reports of the Plaintiffs and class members for

purposes other than those permitted by the FCRA, as set forth in 15 U.S.C. 1681b(a).

21.     As a direct and proximate cause of these actions by Xcelerated, Plaintiffs and the

class members have suffered an unwarranted invasion of privacy in violation of rights under the

FCRA.

## Class Definition and Class Issues

22.     Plaintiffs bring this action on behalf of themselves and a class of all other persons

similarly situated, pursuant to Fed. R. Civ. P. 23. Plaintiffs propose to represent the following

classes:

> All natural persons within the United States whose name and address was
> contained within any report or list furnished to Xcelerated by Equifax, or other
> entity that describes itself as a consumer reporting agency, and that was furnished
> to Xcelerated within the five years preceding the filing of this complaint.

23.     Upon information and belief, Xcelerated accessed and used the consumer reports

of thousands of individuals.  The class is so numerous as to make it impracticable to join all the

disparate members of the classes.

24.     This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

25.     The class claims in this case present common questions of law and fact including

whether:

a.     The information Xcelerated accessed and used constituted a FCRA regulated "consumer report";

b.     Xcelerated provided false information to Equifax concerning its use of consumer reports;

c.     Xcelerated certified a permissible purpose in accessing and using consumer reports;

d.     Xcelerated had a permissible purpose in obtaining and/or using the reports;

e.     Xcelerated falsely certified its permissible purpose;

f.     Xcelerated's conduct was reckless, with conscious disregard and/or knowing;

26.     These common questions predominate over any question affecting only individual class members.

27.     Plaintiffs' claims are typical of the claims of the class members. Plaintiffs base their claims and those on behalf of the class upon the same legal and remedial theories. The dispositive facts as to each alleged violation and each class member are materially identical.

28.     Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims in this case. Plaintiffs have suffered similar injuries as the members of the classes that they seeks to represent. Plaintiffs have retained counsel experienced in federal litigation, complex litigation (including class action suits) and litigation involving violations of the FCRA. Neither Plaintiffs nor their counsel have any interest which might cause them not to vigorously pursue this action.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Xcelerated, because

the claim amounts are likely small and involve statutory damages under the FCRA.  Many if not all class members would not know of the alleged violations or misconduct.  Many if not all class members would not know of their rights and remedies under the FCRA, and most would not know of a means to obtain a lawyer to prosecute their case on a contingency.

<strong>COUNT 1 – Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)</strong>

30.     Plaintiffs incorporate the preceding allegations by reference.

31.     Xcelerated's obtaining and use of the consumer reports of Plaintiffs and class members as alleged herein and without a permissible purpose to do so violated the FCRA, 15 U.S.C. § 1681b(f).

32.     Plaintiffs and the class member have suffered legal injury as a result of this violation of the FCRA.  The Defendant's misconduct violated the legally protected privacy interests of the Plaintiffs and class members and exposed them to a greater risk of identity theft and unsolicited contact by Defendant's customers.

33.     The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other putative class members under 15 U.S.C. § 1681b(f).

34.     Plaintiffs and the putative class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive damages, pursuant to 15 U.S.C. § 1681n.

35.     Plaintiffs and the putative class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

<strong>PRAYER FOR RELIEF</strong>

Plaintiffs, on behalf of themselves and the putative class, request the Court:

A.    Determine that this action may proceed as a class action under
Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B.    Designate Plaintiffs as class representatives and Plaintiffs' counsel as counsel for
the putative class;

C.    Issue proper notice to the putative class at Defendant's expense;

D.    Declare that Defendant violated of the FCRA;

E.    Declare that Defendant acted willfully in deliberate or reckless
disregard of Plaintiffs' rights and its obligations under the FCRA;

F.    Award statutory damages to the Plaintiffs and the class against Defendant;

G.    Award punitive damages to the Plaintiffs and the class against Defendant;

H.    Award reasonable attorneys' fees and costs as provided by the FCRA; and

I.    Grant other and further relief, in law or equity, as this Court may deem
appropriate and just.

## PLAINTIFFS DEMAND A JURY TRIAL

**CHRISTINE COSTELLO**
**WILLIAM MALLON**
**HEATHER SNOOK**
**JANICE ZELLERINO**
**KENNETH ABBOTT**
*on their own behalf and on behalf*
*of all others similarly situated,*

_____
Leonard A. Bennett  VSB#37523
Susan M. Roktis  VSB#40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
E-mail: lenbennett@clalegal.com

Ian B. Lyngklip P47173 - *Pro Hac Pending*
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Plaintiffs
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Telephone:  (248) 208-8864
E-mail: Ian@MichiganConsumerLaw.com


Julie A. Petrik  P47131 - *Pro Hac Pending*
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Plaintiffs
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Telephone:  (248) 208-8864
E-mail: Julie@MichiganConsumerLaw.com